**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**


**SID LaROY MARTIN,**

                **Plaintiff,**

       **v.**                         **CASE NO. 06-3250-SAC**

**SGT. HANEY, et al.,**

                **Defendants.**

### MEMORANDUM AND ORDER

This civil rights complaint, 42 U.S.C. 1983, was filed by an inmate of the Johnson County Adult Detention Center, Olathe, Kansas (JCADC). Plaintiff has also filed a motion for leave to proceed without prepayment of fees (Doc. 2).

Plaintiff names as defendants several persons who are apparently staff members at the JCADC. He generally claims he is being denied access to the courts, the "facility lost (his) legal work," and funds have been improperly withdrawn from his account without his signature or approval.

In support of his denial of access claim, plaintiff alleges the facility does not provide a scheduled or sufficient time for his use of the law library, a typewriter, or copies of legal materials. He also alleges he is representing himself, but he does not state in what type of case. He further alleges when he was transferred his property was misplaced including his trial transcripts, and the latter have not been replaced.

In support of plaintiff's claim regarding his inmate account, he alleges the facility is going against its own policy by deducting money from his inmate account for "medical and indigent funds"

without his signature, and it is "hampering communications while fighting a case." Plaintiff seeks "monetary and punitive damages" and "a change in policy."

**SCREENING**

Because Mr. Martin is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for failure to adequately plead exhaustion of administrative remedies and for failure to state a claim of denial of access to the courts.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff generally alleges he has "filed a grievance, review, appeal on every complaint through chain of command." He also alleges he has sent many of his grievances out of the facility, but can get them. The court finds these conclusory allegations in the complaint are not sufficient to plead exhaustion of administrative remedies. 42 U.S.C. 1997e(a) directs: "No action shall be brought with respect to prison conditions under (any federal law) by a prisoner confined in any (correctional facility) until such administrative remedies as are available are exhausted." See Booth v. Churner, 531 U.S. 956 (2001)(section 1997e(a) requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels). The United States

2

Supreme Court has held that this exhaustion requirement is mandatory and may not be disregarded by the court. Porter v. Nussle, 534 U.S. 516, 520 (2002). Exhaustion under Section 1997e(a) is a pleading requirement imposed upon the prisoner plaintiff. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004). It follows that a complaint that fails to adequately plead exhaustion amounts to one that fails to state a claim upon which relief can be granted. Id.

The pleading requirement of 1997e(a) mandates that a prisoner either "attach a copy of the applicable administrative dispositions to the complaint, or . . . describe with specificity the administrative proceeding and its outcome." Id. The Tenth Circuit has also determined that "total" exhaustion is required. Ross v. County of Bernalillo, 365 F.3d 1181, 1188,-89 (10th Cir. 2004). Under the total exhaustion prerequisite, plaintiff must have presented each and every claim raised in his complaint by way of the available prison or detention facility administrative grievance procedures, or the complaint is subject to being dismissed without prejudice. In addition, he must have referred to the named defendants and described their allegedly wrongful actions in those grievances.

Plaintiff must show that he has exhausted administrative remedies on his claims that he is being denied access to the courts due to inadequate legal research facilities, the loss of his legal materials including transcripts, and because of deductions from his inmate account, if he intends those to be his claims. Plaintiff shall be given time to adequately plead exhaustion by either providing copies of the administrative grievances filed by him and

the responses he received to those grievances, or by describing in detail the administrative process he followed and the grievances he filed together with the responses. If plaintiff fails to adequately plead exhaustion, the complaint is subject to being dismissed, without prejudice.

**FAILURE TO STATE CLAIM OF DENIAL OF ACCESS**

It is well-established that a prison inmate has a constitutional right to access to the courts. However, to state a claim of denial of that right, the inmate must allege something more than that the prison's or jail's law library or legal assistance program has is inadequate. He must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim," causing him "actual injury." Lewis v. Casey, 518 U.S. 343, 348, 350 (1996). He may do so by alleging actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim, or that a non-frivolous legal claim has been dismissed, frustrated or impeded. Id. at 350, 353. Moreover, providing law library facilities to inmates is merely "one constitutionally acceptable method to assure meaningful access to the courts." Id. at 351, *citing* Bounds v. Smith, 430 U.S. 817, 830 (1977). It follows that the inmate represented by counsel provided by the State in a pending action, may not be entitled to a law library or legal materials.

Plaintiff will be given time to state what court action or actions he is pursuing, whether he is representing himself therein, and how those cases have been actually impeded by the alleged

4

inadequate access to legal materials and deductions to his account.

Moreover, plaintiff must allege facts showing actual personal participation in the alleged denial of his right of access by each person named as a defendant. Jail officials are not liable for damages under 42 U.S.C. 1983 based solely upon their supervisory capacity.

Plaintiff is given time to cure these deficiencies in his complaint. If he fails to file a timely response, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days from the date of this Memorandum and Order in which to show cause why this action should not be dismissed for failure to adequately plead exhaustion of administrative remedies, and for failure to state a claim of denial of access.

**IT IS SO ORDERED**.

Dated this 14th day of September, 2006 , at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge